JAS. N. K. KEOLA, DEPUTY ASSESSOR AND COLLECTOR OF TAXES IN AND FOR THE DISTRICT OF WAILUKU, SECOND TAXATION DIVISION, TERRITORY OF HAWAII, *v.* MAUI AUTO CO., LTD., A CORPORATION.

APPEAL FROM DISTRICT MAGISTRATE OF WAILUKU.

SUBMITTED JUNE 26, 1911.                    DECIDED JULY 6, 1911.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

TAXATION—*enforcing payment of tax unpaid when due.*

Where the amount of a tax is certain, and the liability of the

tax-payer has become fixed, the tax being due and payable, an action of assumpsit for its recovery may be maintained under section 1269 of the Revised Laws, as amended by Act 89 of the Session Laws of 1905, though the tax has not become delinquent.

OPINION OF THE COURT BY ROBERTSON, C.J.

(Perry, J., dissenting.)

In an action of assumpsit instituted on May 19, 1911, in the district court of Wailuku, County of Maui, the plaintiff claimed of the defendant the sum of $125.75 for taxes, as follows: $2.75, special income tax for 1910; $101, specific tax on automobiles; $11, personal property tax first semi-annual instalment for 1911; and $11 personal property tax, second semi-annual instalment for 1911; also penalties for delinquency, interest and costs. Judgment was given for the plaintiff for the sum of $130, which covered what was claimed with the exception of the item of $11 for the second semi-annual instalment of the personal property tax for the current year. The plaintiff brings this appeal. The sole question is whether the plaintiff was entitled to recover the last mentioned item of $11. The district magistrate took the view that, as, by the statute, the second instalment of the personal property tax would not become delinquent until November 15th, no action for its recovery could be maintained before the expiration of that date. On behalf of the plaintiff it is contended that a proper application of the statute required that the judgment should have included the disputed item.

Sections 1263, 1264, 1265, 1267 and 1269 of the Revised Laws, as amended by Act 89 of the Session Laws of 1905, contain the following provisions.

Sec. 1263. "Specific taxes and all property taxes shall be due and payable on and after January 31st, in each year."

Sec. 1264. "All real and personal property taxes—except specific taxes—remaining unpaid on May 15 of each year shall thereby and thereupon become delinquent as to one-half the

amount due. And the balance of such real and personal property taxes remaining unpaid on November 15 of each year shall thereby and thereupon become delinquent."

Sec. 1265. "A penalty of 10 per cent shall be added by the assessor to the amount of all delinquent personal and property taxes, which penalty shall be and become a part of such tax and shall be collected as part of such tax. Any delinquent tax and penalty remaining unpaid fifteen days after the date of delinquency shall bear interest from the date of the expiration of said fifteen days at the rate of ten per cent per annum until paid, which interest shall be and become a part of such tax and shall be collected as part of such tax."

Sec. 1267. "Each assessor or his deputy shall, between January 31 and November 15, both inclusive of each year, for the convenience of tax payers, attend at certain times or places in each district for the collection of taxes.

"Public notice of the time or times, place or places of such attendance and the object thereof shall be given by advertisement in a weekly newspaper or newspapers, and by posting a notice of the same in at least three conspicuous places in each district. Such notice shall also contain a statement that all brake, sulky, ox-cart, automobile, bicycle, wagon, wagonette, hearse, omnibus, dray, cart and carriage taxes and one-half of all property taxes not paid on May 15 will be delinquent and subject to a penalty of ten per cent additional, and if not paid 15 days after delinquent interest from the date of expiration of said fifteen days shall be added at the rate of ten per cent per annum on such tax and penalty, and that the remaining portion of the property taxes due and not paid by November 15 will be delinquent and subject in like manner to a ten per cent penalty and ten per cent interest. And that the delinquent tax list will be published as soon after December 1 following as possible.

"Each tax payer shall pay all specific taxes and one-half of all property taxes due by him to the assessor or his deputy on

or before May 15, and he shall pay the remaining portion of the property tax due by him to the assessor or his deputy on or before November 15 of the year in which they are assessed, and no other notification or demand than that in this chapter provided for shall be required or necessary."

Sec. 1269. "If any tax be unpaid when due, the assessor may proceed to enforce the payment of the same, with all penalties, as follows: 1. By distress  *  *  *  *  *.  2. By suit or action in assumpsit, in his own name, on behalf of the Territory of Hawaii, for the amount of taxes and costs, or if such tax is delinquent for the amount of taxes, costs, penalties and interest, in any district court, irrespective of the amount claimed."

By other sections of the statute it is provided that all the tax-payers shall make returns of their property between the 1st and 31st of January, in each year; that the assessment books shall be made up on or before May 1st, and shall be open to inspection from the 1st to the 15th of May; that appeals from assessments may be filed between May 1st and 15th; and that the tax appeal court shall sit for the hearing of appeals between the 1st and 20th of June.

Standing alone and without reference to other sections, the provisions of sections 1263 and 1269 would make it clear that actions for the recovery of property taxes could be instituted at any time after January 31st of the year of their assessment.

Full effect must, if possible, be given to the explicit language of those sections.

It should be noted with reference to property taxes that the provision in section 1264 is not that one-half shall be due and payable on May 15, and that the remaining one-half shall be due and payable on November 15, but that, as stated in section 1263, the whole shall be due and payable on and after January 31st.

The right to maintain actions for the recovery of taxes is not affected by any of the provisions relating to delinquency

or its consequences. And, we are satisfied, the provision contained in section 1267, that each tax payer "shall pay" his specific taxes and one-half of his property tax on or before May 15, and the remaining portion of his property tax on or before November 15, was not intended to nullify that portion of section 1269 which authorizes the bringing of suit for taxes before they have become delinquent. The mention of those two dates is only incidental to the main subject of that section, which is the giving of public notice regarding the payment of taxes and of the penalties for delinquency.

Notwithstanding the peremptory declaration of section 1263, that all property taxes shall be due and payable on and after January 31st, the provisions for taking appeals to the tax appeal court, which does not sit before June 1st, show that any tax that may be involved in such an appeal could not be the subject of an action of assumpsit until the appeal has been decided and the liability of the tax payer determined. Reconciling and giving effect to each of the provisions referred to, as we must do if we can, we should have to regard the provisions of sections 1263 and 1269 as subject by implication to the proviso that the amount of the tax has been definitely fixed either by the acceptance and approval by the assessor of the tax-payer's return, or by an assessment made in the absence of a return, or by the determination of a dispute by the tax appeal court. In the vast majority of cases, as in the case at bar, the liability of the tax-payer will have been determined on or before May 1st, and as to all such cases section 1269 may apply without any practical difficulty and according to the apparent intent of the legislature.

That actions for the recovery of taxes, ordinarily, are not brought before the taxes have become delinquent, or because there may be a general impression among the tax-payers that they cannot be forced to pay their taxes before the arrival of the respective delinquent dates, are not reasons for ignoring the legislative mandate.

The legislature having, in plain terms, said that the assessor may bring suit to enforce payment "if any tax be unpaid when *due,*" it is not for this court to say that what the legislature meant was that the assessor may proceed to enforce payment of a tax only when it has become *delinquent.* Good and sufficient reasons probaby may be found in the practical enforcement of the law to show why the assessor should not be compelled to wait until a personal property tax has become delinquent before bringing suit to compel its payment.

The appeal is sustained and the case is remanded to the district court of Wailuku with instructions to include in its judgment the item of $11, the subject of this appeal.

*E. W. Sutton, Deputy Attorney General,* for the plaintiff.

### DISSENTING OPINION OF PERRY, J.

Conceding that standing alone and without reference to other sections the provisions of sections 1263 and 1269 (as amended by Act 89, 1905) would make it clear that actions for the recovery of property taxes can be instituted at any time after January 31 of the year of their assessment, still, in view of other provisions of our statutes on taxation, actions for the recovery of the second half of property taxes may not, in my opinion, be brought before November 15 of the year of assessment. Section 1263 provides that "all poll, road and school taxes shall be due and payable on and after January 1 in each year," and that "specific taxes and all property taxes shall be due and payable on and after January 31 in each year." Section 1269 provides that if any tax be unpaid "when due" the assessor may enforce payment by action in assumpsit "for the amount of taxes and costs, or if such tax is delinquent, for the amount of taxes, costs, penalties and interest." Under these two sections, if standing alone, suit could be brought for poll, road and school taxes after January 1 and for specific and property taxes after January 31 *in all cases.* No exceptions are made expressly and none, as I think, by implication,

in favor of any taxpayer or class of taxpayers. But the enforcement of the payment of taxes *in all cases*, immediately after the dates named, would be obviously impossible. In the first place other provisions grant to every taxpayer the right, as well as impose upon him the duty, to make returns of his taxable property at any time during the month of January; require of the assessor notice to the taxpayer of any raise in valuation "on or before" April 1; require that the tax books be open to the inspection of the taxpayers from May 1 to May 15; grant to the taxpayer, whose valuations have been increased, the absolute right to appeal "on or before" May 15; and permit hearings by the court of tax appeals during the period from June 1 to June 20, and not at any other time. In all instances in which increases in valuation have been made by the assessor (the right on the part of the assessor to make such increases would continue at least until April 1 of each year) the taxpayer's right to appeal continues, in spite of inaction on the part of the taxpayer, until May 15, and if appeal is taken a decision thereon cannot be had before June 1, and in most cases would not be rendered until some days later. In none of the appealed or appealable cases, therefore, would it be possible for the magistrate before whom action is brought to determine before May 15, at the earliest, the amount of the judgment to be rendered for the Territory.

Counsel for the Territory would surmount these difficulties by construing section 1269 as though it were subject to an exception in favor of all contested and contestable taxes. The reading of such an exception into the statute would, in my opinion, be judicial legislation. I find nothing in the statute to warrant it. If section 1263 means that property taxes become due on January 31, then the provision of section 1269 making them suable "when due" makes them suable immediately after January 31, and without exceptions. Section 1265 provides that "no tax payer shall be exempt from any delinquent penalties by reason of having made an appeal on his

assessment; but no delinquent penalty shall attach to the tax on the actual amount in dispute until such appeal shall be finally decided." Here is a special provision with reference to appealed cases. None similar to it is to be found relating to suits for contested or contestable taxes. The mere fact that ordinarily appeals are not noted in the great majority of cases cannot, I think, affect the construction to be given to the language used.

In the second place, section 1267 provides that "each tax payer shall pay all specific taxes and one-half of all property taxes due by him to the assessor or his deputy on or before May 15 and he shall pay the remaining portion of the property tax due by him to the assessor or his deputy on or before November 15 of the year in which they are assessed." It is true that the section contains other provisions, but I am unable to regard the one here quoted as incidental only to the subject of public notice and of penalties. The title of the section as a whole is, "Public notice, time, place of collection." This would indicate that the time of collection is at least as important a subject of the section as public notice and the place of collection. The language used and its arrangement show, as I think, that the provision concerning time of payment is coordinate with the others and not incidental to any of them.

I construe the words "shall pay on or before" May 15 and November 15, respectively, as being equivalent to "shall have until" the dates named within which to pay. In other words, a payment on November 15 is as clearly a performance of the taxpayer's duty concerning the second half of the taxes as payment on May 15 or February 1 would be. The words "on or before" are clearly used in other sections in this sense. For example, in section 1243 the assessor is required "on or before" April 1 to give notice of increase of valuation; under section 1245 a dissatisfied taxpayer may appeal "on or before" May 15; and under section 1259 the deputies' lists are to be prepared "on or before" July 1. In view of the pro-

Keola v. Maui Auto Co., 20 Haw. 575.

vision of section 1267 as to the times of payment, may it not be that all that was intended to be stated in section 1263 was that it would be lawful for taxpayers to pay and for assessors to receive taxes on the dates there named (January 1 and January 31) and at any time thereafter? The word "payable" in that section is certainly capable of that construction, and the word "due" can be so read, as it seems to me, with less straining than is required in the construction contended for by the Territory of section 1269. In this view sections 1263, 1267 and 1269 would all be consistent. If, however, section 1263 is incapable of the construction just suggested and is necessarily inconsistent with section 1267, as I construe the latter, then I think that sction 1263 must yield to section 1267. The latter is specifically upon the point, fixing, as I think, in clear and unambiguous language the length of time which a taxpayer may delay before paying his taxes. If the Territory's contention is adopted the taxpayer is told in section 1267 that he may have until May 15 within which to pay the first half of the property taxes and until November 15 within which to pay the second half, and in the same breath is told in sections 1263 and 1269 that the assessor may, at his option, compel him to pay as early as February 1. If the existing statutes do not sufficiently protect the Territory against debtors who, prior to the dates named, seek to remove their property from the jurisdiction, the remedy is for the legislature, not for this court, to provide.

In my opinion the judgment below was correct and should be affirmed.