KAPEKA M. CUMMINS, AND KAPEKA M. CUMMINS
AS EXECUTRIX OF THE LAST WILL AND TES-
TAMENT OF JOHN A. CUMMINS, DECEASED, *v.*
THOMAS B. CUMMINS, MATILDA K. WALKER,
JANE P. MERSEBERG, MAY I. KIBLING AND H.
CUSHMAN CARTER, AS TRUSTEE.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED NOVEMBER 10, 1913.          DECIDED NOVEMBER 14, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

TRUSTS—*disposition of income—apportionment of taxes.*

Under a trust, created by deed, "out of the net income * * *
after payment of all taxes * * * to pay" to the grantor "the entire
net income * * * for life," the taxes on the trust property for the
year 1913 are not apportionable between the estate of the grantor,
who died on March 21, 1913, and the remaindermen but are payable
wholly out of the income that would otherwise go to the grantor.

OPINION OF THE COURT BY PERRY, J.

On October 1, 1896, a deed was executed by John A. Cum-
mins as party of the first part, Kahalewai Cummins, his wife,
as party of the second part, and Joseph O. Carter as party of
the third part, whereby Cummins conveyed certain property to
Carter in trust "to collect the rents, issues and profits arising
or issuing out of the said trust estate and to manage and care
for the same," with certain powers relating to changes in the
form of the investments, and upon further trusts expressed as
follows: "out of the net income of the said trust estate and of
the property for the time being representing the same, after
payment of all taxes and other necessary costs or expenses for
the care and maintenance of said trust estate, to pay to the party
of the second part, for and during the term of her natural life,
* * * a monthly allowance of One Hundred and Fifty (150)
Dollars, which said allowance is hereby made a preferred and
first charge upon the net income of the trust estate, the balance

of the said net income to be paid in quarterly instalments to the party of the first part for and during the term of his natural life, and from and after the death of the party of the second part, the entire net income of said trust estate shall be paid to the party of the first part for life, and from and after his death, the said net income shall be paid, share and share alike" to the children of the parties of the first and second parts. Kahale-wai Cummins died "soon after the execution of the said trust deed" and John A. Cummins on March 21, 1913. The complainant is the sole devisee under and executrix of the will of John A. Cummins and in this suit prays for an accounting by H. Cushman Carter, successor to the original trustee, and for an order directing the trustee to pay to her all moneys in his hands "to which, under the provisions of the said trust deed, the said John A. Cummins was at the time of his death entitled."

At the trial it was stipulated by the parties "that the income from said estate on an average is from six to seven hundred dollars per month, except the months of June and November of each year in each of which months said income was increased to the extent of one thousand nine hundred dollars, rent from Waimanalo Sugar Company and the usual expenses were increased during each of said months to the extent of seven hundred and fifty dollars, the semi-annual rent paid to the Territory of Hawaii for the Waimanalo Lease"; that at the time of the death of John A. Cummins the trustee had on hand the sum of $1674.23 derived from income; and that the taxes assessed against the property of the trust for the year 1913 amount to the sum of $2471.16. The only question presented by the appeal is whether, as declared in the decree appealed from, the sum of $1674.23 was properly applied by the trustee to the payment of the taxes or whether, as claimed by the complainant, the whole or a part at least of that sum should be paid to the executrix for the benefit of the estate of the decedent.

The contention on behalf of the complainant is that "the evi-

dent intent of the provision in the deed of trust was that at the end of each quarter" the grantor "should receive what was on hand"; that "it was not intended that the trustee should hold the income until the end of the year, or until the taxes had been paid, or that they should be paid, contrary to custom, during the first quarter"; and that at least the taxes for the year should be equitably apportioned with reference to the date of the grantor's death and the resulting balance out of the sum of $1674.23 be paid to the grantor's estate.

In this jurisdiction there is no statute providing for the apportionment of rents or annuities or of the expenses deductible from the gross income of trust funds; and at common law such apportionment was not recognized. 2 Perry, Trusts (6th ed.), §556; *Kearney* v. *Cruickshank*, 117 N. Y. 95, 98. The question involved is purely one of construction of the provisions of the instrument creating the trust. The language of the deed is clear. The income which is to be paid in part to the grantor during his wife's life and wholly to him after her death is only that which remains "after payment of all taxes" and other necessary expenses. Until the taxes are paid or provided for there can be no "net income." Property taxes do not accrue from month to month or at other stated intervals during the year but are imposed by law arbitrarily as of the first day of January of each year and become a fixed liability, and their payment is enforceable by suit, at least as early as the last day of January of each year. *Keola* v. *Maui Auto Co.*, 20 Haw. 575. Ordinarily, perhaps, taxes are not paid or their payment enforced, as to the first half, until May 15 of each year and as to the second half until November 15 of each year. Nevertheless the trustee's legal liability existed as early as January 31, 1913, and payment by him on or immediately after that date would have been in conformity with his duty imposed by statute. Under the circumstances the outlay for taxes cannot be apportioned between the grantor and the remaindermen, just as an expenditure for repairs made during the month of January, 1913,

could not have been apportioned. In view of the provisions of the deed of trust there was no *net* income on hand at the time of the grantor's death and the contentions of the complainant cannot be sustained.

The decree appealed from is affirmed.

*R. P. Quarles (Andrews & Quarles* on the brief) for complainant.

*I. M. Stainback (Holmes, Stanley & Olson* on the brief) for the trustee.